UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:14-cr-100-FtM-29DNF

YADIDA PEREZ-ROBLERO

_____

**OPINION AND ORDER**

This matter comes before the Court on the United States' Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #14) filed on October 10, 2014. Defendant's Response in Opposition (Doc. #16) was filed on October 17, 2014.  For the reasons set forth below, the motion is granted.

The Indictment (Doc. #1) charges that defendant Yadida Perez-Roblero is an alien who, after having been deported three times in 2012, knowingly entered and was found in Collier County, Florida without having obtained the appropriate consent to reapply for admission into the United States.  After a hearing, the magistrate judge released the defendant on a signature bond of $25,000 and conditions which included restricted travel to Lee and Collier counties, home confinement, and defendant's brother, himself an illegal alien, to serve as third-party custodian.  (Doc. #13.) The matter is before the Court pursuant to 18 U.S.C. § 3145, and the Court conducts an independent *de novo* review of the decision to release or detain defendant.

The Indictment establishes probable cause to believe defendant committed the offense, and the parties do not seem to dispute that defendant is in fact an illegal alien. The parties, as well as the Court, agree that being an illegal alien does not inherently prohibit defendant's release on appropriate conditions. Defendant's status as an alien illegally in the United States is, however, a factor which should be considered and does not weigh in favor of release.

The Indictment charges an offense with a maximum penalty of two years imprisonment. It would appear that the Sentencing Guidelines range will result in a recommended sentence of between zero and six months imprisonment. An immigration detainer has been lodged by the U.S. Department of Homeland Security.

As the Indictment references, defendant was ordered outside the United States and physically removed from the country three times in 2012. Defendant violated the orders to remain outside the United States twice in 2012, and once on an unknown date. Defendant's refusal to comply with the lawful orders to remain outside the United States gives the Court no assurance that she will follow the orders of the court, and indeed suggests that she will not do so.

During defendant's most recent illegal presence in the United States, she has been arrested for a state criminal fraud offense, which remains pending. She was released on bond in that case.

Defendant's state arrest does not weigh in favor of her release in this case.

Defendant had been residing with her brother in Naples, Florida prior to her federal arrest, and has no known employment, although the pending state criminal case includes a charge of false identification concerning a worker's compensation claim. Defendant's parents reside in Guatemala, and defendant is a citizen of Guatemala. Defendant's brother, who was appointed a third-party custodian, is an illegal alien whose presence in the United States is allowed only because he has an asylum petition pending. The Court finds that he is not a suitable third-party custodian.

After considering all the factors, the Court finds that the United States has shown by a preponderance of the evidence that defendant is a serious risk of flight. Accordingly, the Order (Doc. #13) releasing defendant is vacated and she is detained without bond pending disposition of this case.

Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #14) is **GRANTED**.

2. The Release Bond and Order Setting Conditions of Release (Doc. #13) is **VACATED**.

    3. Defendant is ordered **DETAINED** pending further order of the Court, and is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable from persons awaiting of serving sentences or being held in custody pending appear. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceedings.

    **DONE and ORDERED** at Fort Myers, Florida, this   27th   day of October, 2014.

*[Signature: John E. Steele]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
Counsel of Record
U.S. Marshal